**IN THE COURT OF APPEALS OF IOWA**

No. 19-0807
Filed October 9, 2019

**IN THE INTEREST OF K.D.,**
**Minor Child,**

**C.D., Mother,**
    Appellant,

**J.D., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Page County, Amy Zacharias, Judge.

A mother and father separately appeal from the juvenile court's adjudicatory and dispositional orders in a child-in-need-of-assistance proceeding. **AFFIRMED ON BOTH APPEALS.**

C. Kenneth Whitacre, Glenwood, for appellant mother.

Ryan M. Dale, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Justin R. Wyatt of Woods & Wyatt, PLLC, Glenwood, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

A mother and father separately appeal the juvenile court's adjudicatory and dispositional orders in a child-in-need-of-assistance (CINA) proceeding. The father argues the State failed to provide clear and convincing evidence to support a finding the child was a victim of sexual abuse.[1] The mother asserts the State failed to provide clear and convincing evidence to support the sexual-abuse finding. The mother wholly failed to provide any argument or analysis in support of her assertion; we deem her argument waived. Iowa R. App. P. 6.903(2)(g)(3).

The family came to the attention of the Iowa Department of Human Services (DHS) upon a report of sexual abuse in August 2018.[2] A friend of the child alleged she and the child, then eight and seven years old, were sexually abused by the child's half-sibling. The friend alleged the abuse took place in multiple locations and the children were abused together. The child has never corroborated the accusation, and the parents have continually argued they do not believe the child was abused. In her forensic interview, the child admitted one instance of accidental touching, in which the half-sibling "accidentally kind of bumped into" the child's buttock. But when questioned about whether the half-sibling had ever attempted to touch the child inappropriately, the child said the half-sibling tried to touch her, but she [did not] let him, and that she "always tried to stop him." The

---

[1] The father also argues the court erred in entering a no-contact order between the child and her alleged abuser. The father failed to provide citations to relevant authority to support this argument. Failure to provide an argument with citations to relevant authorities may result in waiver of an issue. Iowa R. App. P. 6.903(2)(g)(3). We deem the argument waived.

[2] This is not the family's first experience with DHS. The record shows there have been numerous instances of sexual abuse in the family, including sexual abuse of the half-brother at the hands of an extended family member.

half-sibling underwent a psychosexual evaluation, after which the examiner opined the half-sibling required "intensive treatment in a residential facility as a victim of sexual abuse and possibly as a perpetrator of sexual abuse."

In April 2019, the child was adjudicated a CINA pursuant to Iowa Code section 232.2(6)(d) (2018),[3] and the court entered a no-contact order barring interaction between the child and her half-sibling until his successful completion of sex-offender treatment. The court found the child was sexually abused by the half-sibling. The juvenile court relied on DHS and forensic interviews of both the child and her friend. The court described a shift in the child's demeanor during the forensic interview, from happy and conversational to covering her face with her hands and answering only with short phrases or nods. Although the child described one instance of accidental touching, the court noted she appeared to be afraid to disclose anything more. The court found the statements of the child's friend do "not come out of an eight-year-old's mouth unless [the abuse] actually occurred." The court further found the child's friend "knew WAY too much about these sexual topics to be making up this story."

At a dispositional hearing in May the court continued the CINA adjudication and no-contact order and expressed concern for the parents' desire to have the half-sibling return to the family home. The parents had, however, complied with the requirements of the court and DHS. The court reiterated that treatment must occur before any contact will be initiated.

---

[3] Section 232.2(6)(d) defines a CINA as an unmarried child "[w]ho has been, or is imminently likely to be, sexually abused by the child's parent, guardian, custodian, or other member of the household in which the child resides."

CINA proceedings are reviewed de novo. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "We are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* (citation omitted). The child's best interests are our paramount concern. *Id.*

On appeal the father argues the State failed to prove the child had been sexually abused by clear and convincing evidence and that the court erred in entering a no-contact order. The State bears the burden of proving a ground for adjudication by clear and convincing evidence. Iowa Code § 232.96(2); *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017). Evidence is clear and convincing when it leaves "no serious or substantial doubts as to the correctness o[f] conclusions of law drawn from the evidence." *In re C.B.*, 61 N.W.2d 489, 492 (Iowa 2000) (citation omitted).

Although the child denied the abuse outside of the one instance of accidental contact, the child's own statements in the forensic interview imply, at the very least, attempted inappropriate contact took place on more than one occasion. Furthermore, the friend gave detailed descriptions of multiple instances of abuse of both children. In fact, some of the details provided by the friend are similar to the accidental incident described by the child. Moreover, the results of the psychosexual evaluation indicate the half-sibling is in need of treatment, as a child who has suffered abuse and has possibly perpetrated it. On our de novo review, we find clear and convincing evidence supports the juvenile court's conclusion the child was sexually abused. We affirm the court's adjudicatory order and the continuance of removal at the time of disposition.

**AFFIRMED ON BOTH APPEALS.**